IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 14, 2006

## KEVIN FRANK MERCER v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Marshall County**
**No. 16404      Robert Crigler, Judge**

_____

**No. M2005-01293-CCA-R3-PC - Filed June 8, 2006**

_____

In this post-conviction action, the petitioner, Kevin Frank Mercer, contends that: (1) his plea was involuntary and unknowing; and (2) trial counsel was ineffective by providing little meaningful advice as to whether to enter a plea or proceed to trial. Following our review, we conclude that his plea was knowingly and voluntarily entered and that counsel was effective in his representation of the petitioner. Therefore, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

Hershell D. Koger, Pulaski, Tennessee, for the appellant, Kevin Frank Mercer.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Senior Counsel; William Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

The petitioner pled guilty to one count of especially aggravated burglary (Class B Felony) and four counts of aggravated robbery (Class B Felony), and was sentenced as a Range I, standard offender, to forty-eight years in the Department of Correction. This sentence was ordered consecutively to a one-year sentence for escape ordered the same day in case number 15732, creating a total effective sentence of forty-nine years. This appeal does not concern the charge of escape.

On November 30, 2004, the petitioner filed a pro se petition for post-conviction relief, asserting that: (1) his plea was involuntary and coerced based upon an induced illegal proposal by the state through the petitioner's attorney; and (2) he received ineffective assistance of counsel.

Appointed counsel filed an amendment to the petition for post-conviction relief on February 28, 2005, and asserted the same two claims for relief. The post-conviction court conducted a hearing on April 29, 2005, and denied the petition for relief. On May 27, 2005, the court entered an order and memorandum opinion setting out the court's findings of fact and conclusions of law.

At the post-conviction hearing, the petitioner testified that he met with counsel between two and six times prior to entering his guilty plea. He estimated that each of the meetings lasted at most five or ten minutes. He claimed that he was not provided any discovery or his indictments from counsel until he was in the custody of the Tennessee Department of Correction, following entry of his plea. He said that he did not discuss any discovery with trial counsel prior to entry of his plea. He said that his understanding was that he could receive thirty years on each charge and that the sentences could run consecutively to over one-hundred years. He claimed that he understood the ranges of punishment due to his own research and not from his interaction with trial counsel. Finally, the petitioner testified that, had he known the sentencing ranges at the time he entered his plea, he would not have taken the forty-nine year offer.

On cross-examination, the petitioner testified that he did not have a good understanding of the State's proof against him. He said counsel told him that he could receive a one-hundred percent sentence on the especially aggravated robbery charge if he continued to trial. The petitioner said he believed that he would have only been required to serve fifteen years if convicted at trial. He acknowledged that he did not know the judge would be required to begin sentencing at the midpoint of the range, which was twenty years. He said that counsel failed to advise him that if he was convicted of the first count of the indictment, especially aggravated robbery, he would be serving more time than on his current sentence. The petitioner further said that he did not understand the judge during the plea colloquy despite the fact that he stated he did understand. He claimed that the only subject he discussed with trial counsel was the length of his sentence. During the post-conviction hearing, the petitioner contradicted his plea hearing testimony when he testified that counsel "spent a lot of time with [him] on the case." The petitioner attempted to explain the contradiction by testifying that the only conversations he had with counsel were in reference to the potential length of his sentence. He then acknowledged that he did, in fact, speak with counsel about two witnesses who wrote incriminating statements about his involvement in the crime.

On redirect examination, the petitioner stated that he had not previously been involved with the legal system on a serious charge. On recross, the petitioner testified that he told trial counsel he wanted less than one hundred years. He further testified that counsel presented him with an offer for sixty years, that he instructed counsel to try and get a lower offer, and that counsel's work resulted in the plea offer of forty-nine years at thirty percent.

Trial counsel then testified that he was hired by the petitioner's mother to represent him in circuit court. He said that he investigated the case at the request of both the petitioner's mother and girlfriend, but he did not participate in the preliminary hearing because the petitioner had previously been appointed different counsel for proceedings in general sessions court. He did meet with the petitioner on the date of the preliminary hearing and discussed with him the substance of the

testimony at the hearing. He further testified that he had communicated with the petitioner by telephone during the time the petitioner was in custody until he escaped from jail. He had contact with the petitioner's family during the period the petitioner was missing and tried to convince him to turn himself in. Counsel said that, after the petitioner's return, counsel met with him to review the discovery materials, which included a witness list and witness statements. He stated that, for the petitioner's benefit, they reviewed the criminal sentencing act and the ranges of punishment. Counsel said that he did not tell the petitioner that he could have been sentenced to sixty years had he went to trial. He also said that he advised the petitioner that his range of sentence would fall under Standard I, between fifteen and twenty-five years but, due to the violence of the act, it would be between twenty and twenty-five years. Counsel testified that he always shows his clients their range of sentence beginning with a mitigated sentence and going up. He also makes them aware that the sentence is at the judge's discretion. Counsel testified that they were aware that by pleading guilty to all of the charged crimes, the petitioner would probably serve less time than if he had been found guilty of only the first charge of especially aggravated robbery. Finally, counsel testified that he felt that he had spent an adequate amount of time with the petitioner to believe that he was knowledgeable about the plea.

On cross-examination, counsel testified that, when the petitioner returned to custody, counsel notified him that he would still represent him. He testified that, at the request of the petitioner's mother, he forwarded the petitioner's paperwork to him after entry of the plea agreement. To ensure that the petitioner was the person requesting the information, he asked the petitioner's mother to have him send a notarized request for the information. He further testified that he had been involved in several cases similar to the underlying offense and that he did not feel good about the petitioner's chances with the jury given the circumstances of the offense. Counsel testified that he was concerned about the enhancement factors facing the petitioner at trial. He stated that it was his policy to make a chart of the mitigating and enhancement factors and review it with his clients to provide them with an understanding of the sentence they were facing at trial. Counsel further testified that he provided discovery to the petitioner while he was in custody at the Bedford County jail contrary to the petitioner's assertion that he did not receive it until he was in the Department of Correction. Finally, counsel testified that, in his opinion, it was better for the petitioner to accept the forty-nine-year plea agreement as a Range I offender than to go to trial and receive a sentence of twenty-five years at one-hundred percent as a violent offender.

At the conclusion of the hearing, the post-conviction court denied the petition and, on May 27, 2005, issued a memorandum opinion setting out its findings. The post-conviction court specifically discredited the testimony of the petitioner as to whether he entered his plea knowingly and voluntarily. The court points to testimony at the petitioner's plea acceptance hearing where he questioned the trial judge when he did not understand the court's question. The post-conviction court found that the petitioner entered his plea voluntarily, knowingly, and understandingly because he did not tell the court that he did not understand the questioning in regards to the range of punishment. The court further found that the petitioner failed to demonstrate by clear and convincing evidence that counsel was ineffective or that the petitioner was prejudiced by counsel's performance as to his claim of ineffective assistance of counsel.

<u>Analysis</u>

I. Ineffective Assistance of Counsel

The petitioner contends that he received ineffective assistance of counsel. When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving that: (1) counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). This standard has also been applied to the right to counsel under Article I, § 9 of the Tennessee Constitution. <u>State v. Melson</u>, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

In <u>Baxter v. Rose</u>, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Strickland</u>, 466 U.S. at 689; <u>see</u> <u>Nichols v. State</u>, 90 S.W.3d 576, 587 (Tenn. 2002). In <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985), the Supreme Court applied the two-part <u>Strickland</u> standard to ineffective assistance of counsel claims arising out of a guilty plea. The court in <u>Hill</u> modified the prejudice requirement by requiring a petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. 474 U.S. at 59; <u>Nichols</u>, 90 S.W.3d at 587 (Tenn. 2002).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle him to relief. T. C. A. § 40-30-110(f). This court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. <u>Fields v. State</u>, 40 S.W.3d 450, 456-57 (Tenn. 2001).

First, the petitioner specifically avers that counsel only discussed with him a plea agreement to the exclusion of any possible defenses. The petitioner claims that counsel never discussed with him the discovery materials received from the State and, overall, spent little time with him prior to entry of the plea agreement. However, the post-conviction court credited the testimony of trial counsel that he met with the petitioner sufficiently to give him an understanding of the evidence against him and his potential exposure had he proceeded to trial. The post-conviction court did not find that trial counsel's actions amounted to ineffective assistance. Rather, the court found that trial counsel was credible in the recollection of his representation of the petitioner. Specifically, the post-conviction court found that the petitioner's testimony at the plea acceptance hearing was contrary to his claim of ineffective assistance. During the plea colloquy, the petitioner testified that counsel had spoken with him about potential defenses, that counsel did the best he could, and that counsel spent enough time with him on the case. The court found that counsel acted within the range of competence demanded under <u>Strickland</u>.

Upon review of the record, we conclude that the evidence presented on appeal does not preponderate against the findings of the post-conviction court. The testimony reveals that the petitioner was given effective assistance of counsel. The petitioner has failed to show by clear and convincing evidence that counsel was ineffective with regard to any of his claims.

## II. Involuntary and Unknowing Plea

Second and finally, the petitioner contends that counsel failed to fully explain the sentencing guidelines with respect to the charges against him, rendering his plea of guilty involuntary and unknowing. Our supreme court has stated the following:

> The cases of Boykin v. Alabama and State v. Mackey are the landmark constitutional cases for analyses of guilty pleas. Boykin v. Alabama, 395 U.S. 238 (1969) (federal standard); State v. Mackey, 553 S.W.2d 337 (Tenn. 1977) (state standard). In Boykin, the United States Supreme Court held that before a trial judge can accept a guilty plea, there must be an affirmative showing that it was given intelligently and voluntarily. Id. at 242. In order to find that the plea was entered "intelligently" or "voluntarily," the court must "canvass[] the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences." Id. at 244 (emphasis added).
>
> Likewise, in Mackey, this Court held that "the record of acceptance of a defendant's plea of guilty must affirmatively demonstrate that his decision was both voluntary and knowledgeable, i.e., that he has been made aware of the significant consequences of such a plea . . . ." 553 S.W.2d at 340.

State v. Pettus, 986 S.W.2d 540, 542 (Tenn.1999).

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2003). In Boykin, the Supreme Court held that the constitution requires that the accused individual's right against self-incrimination, the right to confront one's accusers, and the right to a trial by jury be intentionally relinquished. Boykin, 395 U.S. at 243.

In the present case, the petitioner bases his claim of an unknowing and involuntary plea on trial counsel's failure to fully explain the sentencing guidelines to him. The petitioner claims that he did not understand the sentencing guidelines with respect to the charges facing him which caused him to enter an unknowing and involuntary plea. However, the claim that he did not understand the agreed sentence is not supported by the record. During the plea colloquy, the petitioner testified that he understood the range of punishment for both especially aggravated burglary and aggravated robbery. He specifically told the trial court that he understood the court's question regarding his maximum sentence as a Range I, standard offender. Further, the post-conviction court found that the petitioner knew he could tell the trial court that he did not understand the line of questions in the plea colloquy because he had previously expressed a lack of understanding when questioned about

counsel's advice with regard to potential defenses.  The record reflects that the plea was entered knowingly and voluntarily and that the petitioner has failed to show that he is entitled to relief on this issue.

Conclusion

Based on the foregoing and the record as a whole, we affirm the denial of post-conviction relief.

 

 

_____
JOHN EVERETT WILLIAMS, JUDGE